IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:26-CV-60-BO-KS

| | | |
|---|---|---|
| TYRA OSCAR-GARRISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| HIGHLIGHTS HEALTHCARE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on defendant's motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). [DE 2]. Plaintiff has responded in opposition [DE 11], defendant has replied [DE 17], and in this posture the motion is ripe for disposition. For the reasons that follow, defendant's motion is granted.

## BACKGROUND

Plaintiff, who proceeds *pro se*, initiated this action by filing a complaint in the Superior Court for Wake County, North Carolina. [DE 1-1]. Defendant removed the case to the United States District Court for the Western District of North Carolina on the basis of federal question jurisdiction. [DE 1]. Defendant then sought transfer of the action to this Court as the proper venue. [DE 5]. That motion was granted, and the case was transferred to this district on February 5, 2026. [DE 6].

In her complaint, plaintiff alleges that she was employed as a behavioral technician by defendant and that she performed her duties responsibly. Plaintiff further alleges that while

working under the supervision of Venesa Balis[1] she was subjected to mistreatment and hostility, culminating in the termination of plaintiff's employment. Plaintiff specifically complains about dismissive and condescending behavior and being scolded by Balis for asking necessary questions. Plaintiff alleges that she was treated differently from white co-workers concerning being able to call out via text message, that Balis assigned clinic art project duties to another technician despite acknowledging that plaintiff had volunteered first, and that Balis gave the responsibility of opening the clinic to one of plaintiff's co-workers.

Plaintiff alleges that her job responsibilities were removed after she communicated her concerns to Stormi Scott on October 10. On October 14, Balis issued plaintiff a fifteen-day improvement plan which included false allegations of leaving clients unattended, creating unauthorized client materials, and discussing private client information. On October 28, plaintiff met with Balis's supervisor Ashley Cook-Brinkley and informed Cook-Brinkley that she (plaintiff) was not being treated the same as other members of the staff and that she feared she would be retaliated against if she reported her mistreatment. Plaintiff alleges that her employment was terminated by Balis on November 7 after Balis falsely reported that plaintiff was absent due to "no call/no show," when plaintiff had in fact attempted to contact the appropriate personnel regarding her absence. *See* [DE 1-1]. Plaintiff alleges claims for hostile work environment and retaliation.

<u>DISCUSSION</u>

Defendant seeks dismissal of plaintiff's complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See*

[1] The complaint identifies plaintiff's supervisor as Venesa Bails. However, defendant contends that the proper spelling is "Balis" and plaintiff appears to concede as much in her opposition to the motion to dismiss.

Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). This standard does not require detailed factual allegations, *id.*, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Where, as here, the complaint is filed *pro se*, courts construe the complaint liberally and must hold the filing "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation and citation omitted). "But 'liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure.'" *Seabrook v. Driscoll*, 148 F.4th 264, 269 (4th Cir. 2025) (quoting *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020)).

Defendant argues first that plaintiff has failed to state a plausible hostile work environment claim. The Court agrees. First, the Court notes that plaintiff's complaint does not allege a statutory basis for her hostile work environment and retaliation claims. The Court construes such claims as having been brought under Title VII of the Civil Rights Act of 1964. 42 U.S.C. §§ 2000e, *et seq.* While a plaintiff does not need establish a prima facie case of a discrimination claim to survive a

motion to dismiss, she must nonetheless "allege facts to satisfy the elements of a cause of action created by [the] statute[.]" *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015); *see also Wicomico Nursing Home v. Padilla*, 910 F.3d 739, 751 (4th Cir. 2018). Additionally, "reference to the elements of a Title VII claim is helpful to gauge the sufficiency of the allegations." *Gaines v. Balt. Police Dep't*, 657 F.Supp.3d 708, 734 (D. Md. 2023).

"Ordinarily, to prove a hostile work environment claim under Title VII, a plaintiff must show '(1) unwelcome conduct; (2) that is based on the plaintiff's [protected status]; (3) which is sufficiently severe or pervasive to alter her conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer.'" *Strothers v. City of Laurel, Maryland*, 895 F.3d 317, 328 (4th Cir. 2018) (alteration in original) (quoting *Okoli v. City Of Baltimore*, 648 F.3d 216, 220 (4th Cir. 2011)).

Plaintiff has failed to plausibly allege a hostile work environment claim because she has failed to allege any conduct by Balis that was sufficiently severe or pervasive or conduct that was based on plaintiff's protected status. Plaintiff's allegations reference white employees being treated differently in regard to call-out procedures, but the Court discerns no additional allegations that reference Balis's behavior as being based on any protected status of plaintiff. Rather, plaintiff complains of rudeness, condescending treatment, and unfair or unwarranted discipline by Balis, but unfair criticisms of work performance, a refusal to communicate, and a generally difficult working relationship are insufficient to state a hostile work environment claim. *Decoster v. Becerra*, 119 F.4th 332, 339 (4th Cir. 2024). Rather, a hostile work environment is one which "'is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 277 (4th Cir. 2015) (en banc)

(quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). Plaintiff has simply failed to plausibly allege a hostile work environment claim.

Nor has plaintiff plausibly alleged a claim for retaliation under Title VII, which requires a plaintiff to ultimately show that she engaged in protected activity, that she suffered adverse action, and that there is a causal connection between the protected activity and the adverse action. *Williams v. Guilford Tech. Cmty. Coll. Bd. of Trs.*, 117 F. Supp.3d 708, 720 (M.D.N.C. 2015). "'Protected activity under Title VII includes complaints of discrimination based upon 'race, color, religion, sex or national origin.'" *Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 122 (4th Cir. 2021) (quoting *Landino v. Sapp*, 520 F. App'x 195, 198 (4th Cir. 2013)). For an employee's conduct to be a protected activity, it must signal opposition to unlawful discrimination, so that a reasonable employer would understand the employee intended to assert rights protected by anti-discrimination law. *See Johnson v. Global Language Ctr.*, No. 21-1638, 2023 WL 3645055 *4 (4th Cir. May 25, 2023). "The adverse employment action must be one that a reasonable employee would have found materially adverse, which . . . means that it 'well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Williams*, 117 F. Supp.3d at 720. (citation omitted).

Plaintiff has plainly alleged that she suffered adverse action when her employment was terminated. But plaintiff has not plausibly alleged that she engaged in protected activity. Plaintiff alleges that she complained to Scott and Cook-Brinkley about Balis's conduct, but plaintiff does not allege that her complaints regarding Balis's conduct were due to perceived discrimination based on race, sex, or any other protected characteristic.

In her response in opposition to the motion to dismiss, plaintiff reiterates that Balis dismissed and did not support her, scolded her, and treated her unfairly, and that plaintiff cried and

tried to avoid Balis and complained to Scott about Balis's conduct. At bottom, plaintiff complains about poor and unfair treatment by her supervisor which resulted in the termination of plaintiff's employment. Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1). But "Title VII does not establish a 'general civility code for the American workplace.'" *E.E.O.C. v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008) (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998)). Even taking plaintiff's allegations as true, she has failed to plausibly allege a hostile work environment or retaliation claim under Title VII.

To the extent plaintiff intended to bring her claims under North Carolina state law, the Court would decline to exercise supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367(c).

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [DE 2] is GRANTED. Plaintiff's employment discrimination claims under Title VII are DISMISSED with prejudice. To the extent plaintiff has brought state law claims, those claims are DISMISSED without prejudice as the Court declines to exercise jurisdiction over them.

The Clerk is DIRECTED to enter judgment in favor of defendant and close this case.

SO ORDERED, this 25 day of September 2026.

Terrence Boyle

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE